FILED

04 JUN 14 PH 12: 07

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

# 1:04CV 1118

**TAMMY L. DECOSTA**
**4291 Beverly Hills Drive, Apt. 259**
**Brunswick, Ohio 44212**

CASE NO.:

JUDGE: **Judge O'Malley**

**Plaintiff,**

**MAG. JUDGE HEMANN**

-vs-

**COMPLAINT**
**(42 U.S.C. 1983 – Civil Rights Violation)**

**MEDINA COUNTY AND THE**
**MEDINA COUNTY**
**SHERIFF'S DEPARTMENT**
**c/o Sheriff Neil F. Hassinger**
**555 Independence Drive**
**Medina, Ohio 44256**

**and**

**(Jury Demand Endorsed Hereon)**

**SHERIFF NEIL F. HASSINGER**
**c/o Medina County Sheriff's Department**
**555 Independence Drive**
**Medina, Ohio 44256**
**Individually and in his official capacity**

**and**

**OFFICER KATHY HASTINGS**
**c/o Medina County Sheriff's Department**
**555 Independence Drive**
**Medina, Ohio 44256**
**Individually and in her official capacity**

**and**

**OFFICER MELISSA SMITH**
**c/o Medina County Sheriff's Department**
**555 Independence Drive**
**Medina, Ohio 44256**
**Individually and in her official capacity**

13 COPIES OF COMPLAINT WITH ORIG. AND ___ COPIES OF SUMMONS AND MAGISTRATE CONSENT FORM ISSUED TO COUNSEL FOR PLAINTIFF ON ___ JUN 14 2004 ___

Served by Clerk via certified Mail on 6-14-04

and                                              )
**OFFICER  SKOCZEN**                             )
c/o  Medina County Sheriff's Department )
**555 Independence Drive**                       )
**Medina, Ohio 44256**                           )
**Individually and in her official capacity**    )
                                                 )
**and**                                          )
                                                 )
**OFFICER DETRICH**                              )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive**                       )
**Medina, Ohio 44256**                           )
**Individually and in her official capacity**    )
                                                 )
**and**                                          )
                                                 )
**OFFICER SUE JARVIS**                           )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive**                       )
**Medina, Ohio 44256**                           )
**Individually and in her official capacity**    )
                                                 )
**and**                                          )
                                                 )
**LIEUTENANT BAKER**                             )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive**                       )
**Medina, Ohio 44256**                           )
**Individually and in his official capacity**    )
                                                 )
**and**                                          )
                                                 )
**FIRST SARGENT COLONIUS**                       )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive**                       )
**Medina, Ohio 44256**                           )
**Individually and in his official capacity**    )
                                                 )
**and**                                          )
                                                 )
**OFFICER JOHN/JANE DOE #1**                     )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive**                       )
**Medina, Ohio 44256**                           )
**Individually and in their official capacity**  )

**and** )
)
**OFFICER JOHN/JANE DOE #2** )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive** )
**Medina, Ohio 44256** )
**Individually and in their official capacity** )
)
**and** )
)
**OFFICER JOHN/JANE DOE #3** )
**c/o Medina County Sheriff's Department** )
**555 Independence Drive** )
**Medina, Ohio 44256** )
**Individually and in their official capacity** )
)
**Defendants,** )

Now comes Plaintiff, Tammy L. DeCosta, by and through her counsel, Karen H. Brouse

and David V. Gedrock, and for her complaint against these Defendants, alleges and says as

follows:

## INTRODUCTORY STATEMENT

1. This is a civil action seeking damages sustained by a citizen of the United States

against a correctional officer of the Medina County Jail for unlawfully exploiting an inmate for

sexual gratification, and against several other correctional officers who knew of this officers'

actions and conspired to facilitate, allow, ratify and hide her actions, and against several

supervisory officers, including Sheriff Neil Hassinger, as the supervisory individuals responsible

for the conduct of the Medina County Sheriff's Department officers, and against the County of

Medina which employed the correctional officers and the supervisory Defendants and for its

failure to screen prospective employees, for its failure to properly train, control and supervise its

3

employees, or to adopt and enforce adequate policies and procedures to prevent such abuses and for knowing of and tolerating, allowing, and/or encouraging customs that lead to the abuse of this Plaintiff.

2. Named Defendant Hastings perpetrated these acts, under color of law, which deprived Tammy DeCosta of the civil rights secured to her under the Constitution and laws of the United States. All of the remaining Defendants participated under color of law, which deprived Tammy DeCosta of civil rights secured to her under the Constitution and laws of the United States, by refusing, neglecting, and/or conspiring, or otherwise participating with deliberate indifference and callous disregard, to prevent such deprivations and denials to Tammy DeCosta.

## JURISDICTION AND VENUE

3. This action arises under the Constitution of the United States and Federal Law, particularly, 42 U.S.C. Section 1983, and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, and 1343 and 42 U.S.C. Section 1983. Plaintiff further invokes the pendant jurisdiction of this court to consider claims arising under state law.

5. At all relevant times herein, all of the Defendants were acting under color of law to wit, under the pretense of the statutes, laws ordinances, regulations, customs, policies, practices and usages of the State of Ohio and County of Medina.

6. Venue is proper in this district because it is where the events of operative significance occurred.

4

**PARTIES**

7.  At all relevant times herein, Plaintiff Tammy DeCosta was a citizen of the United

States of America and was a resident of the City of Brunswick, County of Medina and State of

Ohio.

8.  At all times relevant herein, Defendant Medina County, is a County within the State

of Ohio and, at all times relevant hereto, it created and maintained the Medina County Sheriff's

Department and the Medina County Jail and was the employer and principal of Defendants

Sheriff Neil Hassinger, Lieutenant Baker, First Sergeant Colonius, Officers Hastings, Smith,

Skoczen, Detrich, Jarvis, and Officers Jane Doe #1 through #3.  Plaintiff sues the Medina

County Sheriff's Department and the Medina County Jail in its official capacity.

9.  Defendant, Sheriff Neil F. Hassinger, was at all times material hereto, the Sheriff of

Medina County.  As such, Defendant Hassinger employment duties and responsibilities placed

him in charge and control of the Medina County Jail facilities.  He was also in charge of all

Medina County Sheriff's Department employees and the development and implementation of all

procedures and polices related to their employment.  He was responsible for employee training,

supervision and conduct.  He was responsible for the enforcement of the regulations of the

Medina County Sheriff's Department and the Medina County Jail.  He was responsible for

verifying that employees were adhering to the official policies and procedures and the

regulations of the Medina County Sheriff's Department and the Medina County Jail.  He was

responsible for knowing what was actually going on in the Medina County Sheriff's Department

and at the Medina County Jail.   He was responsible for ensuring that the personnel of the

Medina County Jail were obeying the laws of the State of Ohio and of the United States, at a

5

minimum, while they were on Medina County Jail property.   Plaintiff sues said Defendant in both his individual and official capacities.

10.   Defendant, Officer Kathy Hastings, was at all times material hereto, a duly authorized employee acting in her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both her individual and official capacities.

11.   Defendant, Officer Melissa Smith, was at all times material hereto, a duly authorized employee acting in her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both her individual and official capacities.

12.   Defendant, Officer Skoczen, was at all times material hereto, a duly authorized employee acting in her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both her individual and official capacities.

13.   Defendant, Officer Detrich, was at all times material hereto, a duly authorized employee acting in her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both her individual and official capacities.

14.   Defendant, Officer Sue Jarvis, was at all times material hereto, a duly authorized employee acting in her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both her individual and official capacities.

6

15.  Defendant, Lieutenant Baker, was at all times material hereto, a duly authorized employee acting in his official capacity as a supervisory correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both his individual and official capacities.

16.  Defendant, First Sergeant Colonius, was at all times material hereto, a duly authorized employee acting in his official capacity as a supervisory correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both his individual and official capacities.

17.  Defendant, Officer John/Jane Doe #1, at all times material hereto, was a duly authorized employee acting in his/her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both his/her individual and official capacities.

18.  Defendant, Officer John/Jane Doe #2, at all times material hereto, was a duly authorized employee acting in his/her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both his/her individual and official capacities.

19.  Defendant, Officer John/Jane Doe #3, at all times material hereto, was a duly authorized employee acting in his/her official capacity as a correctional officer and/or employee of the Medina County Sheriff's Department.  Plaintiff sues said Defendant in both his/her individual and official capacities.

20.  Defendants, together and each of them, individually violated the Plaintiff's constitutional, civil and state law rights.  Plaintiff sues said Defendants in both their individual and official capacities.

21. At all times relevant hereto and in all their actions herein described, the Defendants, together and each of them, individually while committing all the acts hereinafter mentioned, acted under color of their authority as such and under color of the statutes, ordinances, regulations, customs, policies, practices, and usages of the State of Ohio, County of Medina and the Sheriff's Department of the County of Medina.

## BACKGROUND

22. Plaintiff incorporates by reference all of the averments set forth above as if fully rewritten herein.

23. Plaintiff, Tammy DeCosta, was incarcerated as an inmate at the Medina County Jail from on or about April 14, 2003 to on or about June 30, 2003. As an inmate, Ms. DeCosta was in no position to consent to the acts perpetrated upon her and her objections to these acts fell on deaf ears.

24. Defendants, Hastings, Smith, Skoczen, Jarvis, Detrich, and John/Jane Doe #1 worked inside the Medina County Jail facility as correctional officers for the Medina County Sheriff's Department during the period between April 14, 2003 – June 30, 2003. Their duties caused them to be in direct contact with Tammy DeCosta and the female inmate population. Their duties included controlling, supervising, instructing, counseling and protecting the female inmate population.

25. Defendant First Sergeant Colonius worked inside the Medina County Jail facility at all times relevant hereto. His duties at the Medina County Sheriff's Department during the period from April 14, 2003 – June 30, 2003 included, but were not limited to: 1) carrying out and enforcing the polices of the Medina County Sheriff's Department; 2) reasonably supervise,

8

train and control the employees of the Medina County Sheriff's Department; 3) reviewing and

responding to "Informal Complaint Resolution" forms submitted by the inmate population to

him; 4) investigating complaints by inmates of derivation from policies and reports of regular

practices and customs of employees that deviated from proscribed policies and allowed the

exploitation of inmates; 5) exercising reasonable care to protect the health, welfare and civil

rights of the inmate population of the Medina County Jail.

26. Defendant John/Jane Doe #2 worked inside the Medina County Jail facility at all

times relevant hereto. His duties at the Medina County Sheriff's Department during the period

from April 14, 2003 – June 30, 2003 included, but were not limited to: 1) hiring, training,

disciplining, supervising and controlling the employees of the Medina County Sheriff's

Department; 2) creating, carrying out and enforcing the proscribed policies of the Medina

County Sheriff's Department; 3) reviewing and revising internal policies and procedures to

ensure the smooth operation of the facility, to ensure employees knew of and abided by the rules

of the Medina County Sheriff's Department in relation to their employment and in their

interactions with inmates, to ensure the safety of employees, inmates and visitors, to ensure that

those who entered the Medina County Jail facility obeyed all state and federal laws; 4)

responding to "Informal Complaint Resolution" forms submitted by the inmate population; 5)

reviewing the tapes created by the internal security system and taking appropriate corrective

action, when needed; 6) advising superiors of complaints and/or concerns arising from

employee failure to follow procedures or regular employees practices and customs that should

have been cause for concern; 7) investigating complaints by employees and inmates of

derivation from policies, and regular practices and customs of employees, that allowed or could

potentially allow, the exploitation of inmates; and 8) a duty to exercising reasonable care to protect the health, welfare and civil rights of the inmate population of the Medina County Jail.

27. Defendant Officer Lieutenant Baker worked inside the Medina County Jail facility at all times relevant hereto. His duties at the Medina County Sheriff's Department during the period from April 14, 2003 – June 30, 2003 included, but were not limited to: 1) carrying out and enforcing the policies of the Medina County Sheriff's Department, 2) reasonably supervise, train, discipline and control the employees of the Medina County Sheriff's Department; 3) reviewing and responding to "Informal Complaint Resolution" forms submitted by the inmate population; 4) investigating complaints by employees and inmates of derivation from policies, and regular practices and customs of employees, that allowed or could potentially allow, the exploitation of inmates; and 5) a duty to exercise reasonable care to protect the health, welfare and civil rights of the inmate population of the Medina County Jail.

28. Defendant Sheriff Hassinger duties at the Medina County Sheriff's Department during the period from April 14, 2003 – June 30, 2003 included, but were not limited to: 1) establishing, setting, administering and enforcing polices and procedures for the employees of the Medina County Sheriff's Department; 2) educating employees on the procedures and policies of the Medina County Sheriff's Department; 3) a duty of care to reasonably supervise, train and control the employees of the Medina County Sheriff's Department; 4) verifying that the procedures and policies of the Medina County Sheriff's Department were adequate and being adhered to; 5) reviewing security measures to ensure they were adequate to protect the inmate population; 6) investigating complaints by employees and inmates of derivation from policies and regular practices and customs of employees that allowed the exploitation of inmates; and 7) a duty to exercise reasonable care to protect the inmate population of the Medina County Jail.

29. Defendant Officer Hastings while inside the Medina County Jail facility made inappropriate comments, gestures, and perpetrated sexual advances and actual sexual abuse toward and against Tammy DeCosta, and other inmates, during their period of incarceration at the Medina County Jail.

30. Defendant Officer Hastings ability to rove freely through the facility during, and outside of, her scheduled work periods placed her in a position to perpetrate these inappropriate, malicious and willful criminal acts on Tammy DeCosta and others with deliberate indifference to the civil rights accorded to them by the Constitution of the United States of America.

31. These inappropriate and illegal actions by Defendant Officer Hastings included, but were not limited to inappropriate comments to, individual attention to, and the unprivileged and unsolicited touching of Tammy DeCosta. On more than one occasion Defendant Officer Hastings conducted what has been described as unnecessary "shakedowns" of Tammy DeCosta's cell so that she could have "private moments" with Tammy DeCosta.

32. Defendant Officer Hastings on at least one occasion even went so far as to use the intercom equipment of the Medina County Jail to make unauthorized and unsolicited comments to Tammy Decosta.

33. Defendant Officer Hastings was observed, on more than one occasion, and by one or more inmate(s), conducting inappropriate "pat downs" of Tammy DeCosta.

34. On several other occasions Defendant Officer Hastings would bring Tammy DeCosta's snacks and would use this time to flirt with and sexually harass Tammy DeCosta. If Officer Hastings was unable to deliver the snacks in person to Tammy DeCosta Defendant Officer Hastings would leave sexually explicit love notes behind with the snacks.

35. Defendant Officer Hastings would place herself in the vicinity of Tammy DeCosta when Tammy DeCosta was showering and/or changing. She would then sneak up on Tammy DeCosta to watch, kiss, touch and fondle Tammy DeCosta against her wishes and despite her protests.

36. On another occasion, Defendant Officer Hastings, ordered an inmate to open the shower curtain of a handicap shower stall so that she could watch while Tammy DeCosta showered. This incident occurred despite Tammy DeCosta embarrassment and her repeatedly requests for it to stop.

37. These unwanted advances ultimately escalated to an illegal, unprivileged and unsolicited touching and penetration of Tammy DeCosta by Defendant Officer Hastings.

38. Defendant Officer Hastings in an attempt to break down Tammy DeCosta's resistance, and to suggest the inevitability of her actions, told Tammy DeCosta that she (Officer Hastings) could do whatever she wanted to Ms. DeCosta and that no one would listen to her when she reported it. As a result of this statement, and the apparent truthfulness of it, Tammy DeCosta was extremely fearful and severely traumatized emotionally.

39. Defendant Officer Hastings even went so far as to erase Tammy DeCosta's medical restrictions so that she could keep Tammy DeCosta on the pod after other inmates had been sent to their cells, where she could continue to have access to her.

40. Defendant Officer Hastings would come into the pod at times when Tammy DeCosta was present even though she was not scheduled as a relief officer and she would get Defendants, Smith or Skoczen, to leave the area so that Defendant Officer Hastings could have time alone with Tammy DeCosta.

41.  Defendants, Officer Smith and Officer Skoczen, knew of, and conspired to facilitate, Defendant Officer Hastings, inappropriate behavior and sexual harassment of Tammy DeCosta by, including but not limited to: 1) "buzzing" Officer Hastings through locked doors so that Officer Hastings could reach the pod where Plaintiff was being housed despite their knowledge that Officer Hastings' work assignment (at that time) was not for that pod or as a relief officer for the pod; 2) observing and overhearing, but not reporting Officer Hastings inappropriate behavior to their superior officers; and 3) acknowledging, discussing, ratifying, laughing and joking about the inappropriate behavior in front of Tammy DeCosta and other inmates.

42.  Defendant Officers Skoczen and Smith, on separate occasions, even went so far as to tell Tammy DeCosta "that she might as well just accept it".

43.  When Tammy DeCosta approached and asked Defendant Officer Detrich for help she was told that "it wouldn't do any good.  No one will listen or do anything about it".

44.  When Tammy DeCosta confided the situation to Medina County Jail employee, Defendant Chaplin Sue Jarvis, despite having knowledge of Defendant Hastings behavior, Defendant Jarvis failed to take any appropriate corrective action and instead allowed the illegal, unsolicited and unprivileged behavior to continue.

45.  Defendant Officer Hastings, was in a position of authority over Plaintiff's day-to-day well being. Her job required her to be in direct and daily contact with the inmates housed at the Medina County Jail.  She had a duty to protect Tammy DeCosta.  At a minimum, her job description did not include preying upon and exploiting Tammy DeCosta.

46.  Defendant Officers Smith, Skoczen, Detrich, Jarvis and John/Jane Doe #1 were in a position of authority over Plaintiff's day-to-day well being.  Their job required them to be in direct and daily contact with the inmates housed at the Medina County Jail.  They had a duty to

13

protect Tammy DeCosta from predators like Defendant Officer Hastings. They had a duty to

report Defendant Officer Hastings inappropriate behavior to senior or supervisory officers.

They had a responsibility and duty to Tammy DeCosta, due to their position, to not allow,

facilitate, ratify, condone, or conceal Defendant Officer Hastings behavior.

47. Defendants, Officers Hastings, Smith, Skoczen, Jarvis and Detrich conspired

together by agreement, by their actions, and/or by their omissions, to deprive Tammy DeCosta

of her civil rights as guaranteed by the United States Constitution. Hastings had a duty to not

engage in the described activities. The other defendants had a duty to report the problem to their

superiors. They didn't because they claimed they would be ignored. Instead they were

deliberately and callously indifferent to the rights of another. Instead, they "looked the other

way" or joked, condoned and ratified the behavior. This was not a single isolated incident nor

was it the first time Officer Hastings had engaged in this behavior  The sheer number of

employees that had knowledge of this situation, and did nothing to stop it, provides proof of the

existence of the underlying policy or custom present at this facility to ignore the civil rights of

the inmates in their charge.

48. Defendants, Officers Hastings, Smith, Skoczen, Jarvis and Detrich were in a position

of authority and control over Tammy DeCosta, and used this position, acting under the color of

law, to thereby facilitate their ability to violate Tammy DeCosta's civil rights as guaranteed by

the United States Constitution.

49. Tammy DeCosta feared for her safety. She feared retaliation and she attempted to

obtain relief by complaining to other officers in her pod yet, they did nothing.

50. Defendant First Sergeant Colonius knew, or should have reasonably known, of

Officer Hastings inappropriate behavior toward Tammy DeCosta because it was repeatedly

14

reported to him by the female inmate population in "informal complaint resolution" forms submitted in the weeks leading up to the critical period from June 14, 2003 through June 25, 2003. He had a duty, due to his position, to investigate and alleviate the problem. Officer Hastings behavior was persistent, open and notorious. Yet, he failed to act, to protect Tammy DeCosta, in a timely manner. Instead, he negligently, and with utter disregard and deliberate indifference, failed to perform his job to the detriment of Tammy DeCosta.

51. Additionally, First Sergeant Colonius failed to maintain proper supervision or open lines of communication between himself and his subordinates. He knew, or should have reasonably known, constructively or otherwise, of Officer Hastings inappropriate behavior toward Tammy DeCosta because numerous subordinates knew and failed to tell him because they said it was his custom to ignore said complaints. First Sergeant Colonius was grossly negligent in managing his subordinates in that numerous subordinates involved were either: 1) perpetrating criminal acts on inmates; 2) flaunting violations of policy; or 3) failing to report to him what was really going on within the facility. It was therefore entirely foreseeable and highly likely that events like this one would continue to occur, absent effective supervision, and a demand, by those in control, for employees to adhere to strictly proscribed policies and a strict code of ethics.

52. Defendants, First Sergeant Colonius and John/Jane Doe #2, had a duty to verify that their subordinates were adhering to the stated policies of the Medina County Jail. They knew, or should reasonably have known, constructively or otherwise, about the utter disregard for the policies and procedures of the Medina County Jail by its employees and despite this knowledge they failed to take timely action to stop Defendant Officer Hastings, from continuing her inappropriate comments and interest in Plaintiff. This failure allowed Defendant Officer

15

Hastings to continue an escalating interest that turned to physical sexual advances and abuse that she perpetrated on Tammy DeCosta.

53. Defendants, First Sergeant Colonius and/or Officers John/Jane Doe #2, had a duty to notify superiors of the need to amend internal policies to prevent the continued sexual exploitation and abuse of inmates. They were on notice from a recent, prior incident that the policies and procedures of the Medina County Sheriff's Department were inadequate, and that employees were, disregarding proscribed policies and procedures. Yet, they failed to notify superiors of this need to improve internal policies. As a result there was an on-going exploitation of inmates that wasn't limited to the exploitation of Tammy DeCosta by Defendant Officer Kathy Hastings.

54. As a result of First Sergeant Colonius' and John/Jane Doe #2's, breach of their duty to notify their superiors of the failure of employees to adhere to stated policies, a culture of routine acceptance of sexual innuendo and sexual abuse was developed by the staff toward the inmates and said culture was allowed, fostered, ratified and encouraged by employees and superiors.

55. Defendants, First Sergeant Colonius, Lieutenant Baker, Sheriff Hassinger and John/Jane Doe #2 - #3 knew, or should have reasonably known, constructively or otherwise, of Officer Hastings inappropriate behavior toward Tammy DeCosta because some evidence of it was captured on the jail's internal video security system. Additionally, the internal security video tapes showed Officer Hastings walking through the inmate pod (where Tammy DeCosta was housed) at times when she was not dressed in her work uniform. Yet, none of these individuals took appropriate action to protect Tammy DeCosta from Officer Hastings.

56. Defendant Officer John/Jane Doe #3, knew or reasonably should have known, of public information, and circumstances, in Defendant Officer Hastings background that should have precluded her employment at the point of her initial application with the Medina County Sheriff's Department. This Defendant's failure to adequately evaluate and consider Defendant Officer Hastings background allowed her to prey on the individuals housed at the Medina County Jail including, but not limited to, Tammy DeCosta. As a result, this defendant was negligent in hiring and/or retaining Defendant Hastings, said negligence being the proximate cause of the Plaintiff's injuries and the constitutional violations. Additionally, John/Jane Doe #3 was grossly negligent in managing his/her subordinates in that numerous subordinates involved were either: 1) perpetrating criminal acts on inmates; 2) flaunting violations of policy; or 3) failing to report to him/her what was really going on within the facility.

57. Defendant Lieutenant Baker knew about "informal complaint resolution" forms being filed regarding Defendant Officer Hastings inappropriate actions toward inmates prior to Officer Hastings actions toward Tammy DeCosta, yet he failed to take timely corrective actions. Defendant Lieutenant Baker knew about the "informal complaint resolution" forms filed regarding Officer Hastings actions toward Tammy DeCosta yet, he failed to take any corrective action. As a result, Defendant Lieutenant Baker was grossly negligent. Additionally, Defendant Lieutenant Baker was grossly negligent in managing his subordinates in that numerous subordinates involved were either: 1) perpetrating criminal acts on inmates; 2) flaunting violations of policy; or 3) failing to report to him what was really going on within the facility. Inasmuch as this was not the first event of this kind in recent months it was entirely foreseeable and highly likely that events like this one would continue to occur, absent effective supervision, and a demand, by those in control that employees adhere to strictly proscribed policies and a

strict code of ethics.  Instead of protecting Tammy DeCosta, Defendant Officer Baker retaliated

against her by placing her in segregation as a punishment.

58.  Defendant Sheriff Hassinger was grossly negligent in managing his subordinates in

that numerous subordinates involved were either: 1) perpetrating criminal acts on inmates; 2)

flaunting violations of policy; or 3) failing to report to him what was really going on within the

facility.  Again, inasmuch as this was not the first event of this kind in recent months, nor was

Tammy DeCosta the only victim, it was entirely foreseeable and highly likely that events like

this one would continue to occur, absent effective supervision, and a demand, by those in

control, that employees adhere to strictly proscribed policies and a strict code of ethics.

59.  Defendant Sheriff Hassinger, knew or should have known of public information, and

circumstances, in Defendant Officer Hastings background that should have precluded her

employment at the point of her initial application with the Medina County Sheriff's Department.

Defendant Officer Hastings father worked for the Sheriff's Department for many years prior to

her employment.  She was not unknown to Sheriff Hassinger  This Defendant's failure to do his

job adequately in evaluating and considering Defendant Officer Hastings background was

negligent and allowed her the opportunity to prey on the individuals housed at the Medina

County Jail including, but not limited to Tammy DeCosta.  As a result, this defendant was

negligent in hiring and/or retaining Defendant Officer Hastings, said negligence being the

proximate cause of the Plaintiff's injuries and the constitutional violations.  But for the negligent

hiring or retention of Defendant Officer Hastings, Tammy DeCosta might have safely completed

her period of incarceration without being sexual accosted and abused.

60.  Acting under color of law and pursuant to official policy or custom of the County, all

of these Defendants are liable to Tammy DeCosta because, through their acts and/or omissions,

they encouraged, permitted, tolerated, ratified and/or approved, tacitly or expressly, intentionally or with deliberate indifference and callous disregard, they violated the rights secured to Tammy DeCosta under the laws and Constitution of the United States of America, by a pattern or practice of illegal conduct, namely the preying upon of an individual committed to their care, which occurred within the walls of the Medina County Jail facility.

61. The foregoing misconduct of Defendants, Hastings, Smith, Skoczen, Jarvis, Detrich and John/Jane Doe #1 was extreme and outrageous, done with evil motive and/or actual malice, was oppressive, and done with intentional, deliberate indifferences and callous disregard of the rights of Tammy DeCosta. There was absolutely no legitimate law enforcement or penological purpose that can be found or inferred from the aforementioned behavior.

62. As a direct and proximate result of the foregoing incidents, Defendants, Hastings, Smith, Skoczen, Jarvis, Detrich, Colonius, Baker, Hassinger, and Officers John/Jane Doe #1 – 3, as employees of the Defendant, Medina County Sheriff's Department, have directly and proximately caused Tammy DeCosta bodily injury, considerable pain and suffering, considerable wounding of pride, continuing feelings of humiliation, loss of personal dignity, stress, and extreme mental anguish, and thereby deprived her of the rights secured to her under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

63. Tammy DeCosta, continues to suffer extreme emotional harm as a direct and proximate result of the actions of Defendants, Hastings, Smith, Skoczen, Jarvis, Detrich, Baker, Colonius, Hassinger, John/Jane Doe #1 – 3, and the Medina County Sheriff's Department.

64. As a result, Tammy DeCosta, continues to receive counseling for the extreme emotional harm she was forced to endure as a result of the actions and/or omissions of the Defendants.

65. Tammy DeCosta, will continue to incur medical expenses for counseling for the foreseeable future as a result of all of these Defendants' actions and omissions.

## COUNT ONE
## ASSAULT

66. The Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs 1 through 65 as if fully rewritten herein.

67. The foregoing constitutes an assault committed upon Plaintiff for which all Defendants are liable for to Plaintiff.

68. As a direct and proximate result of said assault, Plaintiff suffered injuries and damages previously alleged and for which Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT TWO
## BATTERY

69. The Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs 1 through 68 as if fully rewritten herein.

70. The foregoing constitutes a battery committed upon Plaintiff for which all Defendants are liable for to Plaintiff.

71. As a direct and proximate result of said battery, Plaintiff suffered injuries and damages previously alleged and for which Defendants are individually, jointly and severally liable to Plaintiff.

**COUNT THREE**
**42 U.S.C. SECTION 1983 AND STATE LAW VIOLATIONS**

72. The Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs 1 through 71 as if fully rewritten herein.

73. Defendants, while purporting to act under color of law, violated the Plaintiff's rights under the Constitution of the United States, 42 U.S.C. Section 1983, and various state laws. Said violations include, but are not limited to the following:

a.  Assault and Battery;

b.  Sexually assaulting Plaintiff;

c.  Gross sexual imposition;

d.  Rape;

e.  Stalking;

f.  Conspiracy;

g.  Failure to properly supervise, train, monitor, observe, control and hire/retain employees within their duties with the Medina County Sheriff's Department.

74. As a direct and proximate result of Defendant's concerted, unlawful and malicious abuse of their police power, while acting under color of law, and their malicious abuse of control and authority over Plaintiff, the Defendants intentionally and with deliberate indifference and callous disregard of Plaintiff's rights, recklessly and/or maliciously deprived Plaintiff of her rights secured to her under the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.

75. By virtue of the foregoing misconduct, Defendants, acting under color of law, have intentionally or with deliberate indifference and callous disregard, wantonly, recklessly and/or maliciously abused their police power as an instrument of oppression against Plaintiff, in the

21

process violated her personal privacy and bodily security through means so oppressive, demeaning, harmful and shocking to the conscience and in doing so they unlawfully deprived Plaintiff of due process of law.

76. All of the named Defendants authorized, ratified, permitted, encouraged, and tolerated the aforementioned violations.

77. The unnecessary, unreasonable, unlawful and sadistic acts by the Defendants against the Plaintiff and others were of such a magnitude that it shocks the conscience, and affords brutality under the cloak of law, and is completely inconsistent with contemporary standards of decency.

78. As a direct and proximate result of said violations, by Defendants, of Plaintiff's Constitutional rights, Plaintiff suffered injuries and damages as previously alleged and for which Defendants are individually, jointly and severally liable to Plaintiff.

### COUNT FOUR
### OFFICIAL POLICY AND/OR CUSTOM OF THE MEDINA COUNTY SHERIFF DEPARTMENT

79. The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 78 as if fully rewritten herein.

80. Defendants, the Medina County Sheriff's Department, Sheriff Neil Hassinger, First Sergeant Colonius, Lieutenant Baker and Officers John/Jane Doe #2 through #3, acting under the color of law and pursuant to official policy or custom, intentionally, or with deliberate indifference and callous disregard, of Plaintiff's rights secured to her under the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, encouraged, tolerated, permitted, approved, or ratified, tacitly or expressly, a pattern or practice of failing to supervise, effectively train or retrain, control, investigate, and/or discipline its officers and

employees which resulted in the clear and consistent course of conduct and pattern of sexual abuse perpetrated upon the female inmates at the Medina County Jail by correctional officers.

81. Defendants, the Medina County Sheriff's Department, Sheriff Neil Hassinger, First Sergeant Colonius, Lieutenant Baker and Officers John/Jane Doe #2 through #3, had knowledge of, or had they diligently exercised their duties would have known of, the need to properly instruct, supervise, control, discipline, train and retrain, these officers on a continuing basis, and would reasonably have had actual or constructive knowledge that the wrongs committed by the Defendant officers were occurring. These acts were not just reasonably foreseeable, but had in fact, occurred previously and it was inevitable that they would continue to occur without remedial corrective action.

82. Defendants, the Medina County Sheriff's Department, Sheriff Neil Hassinger, First Sergeant Colonius, Lieutenant Baker and Officers John/Jane Doe #2 through #3, had actual knowledge of, or constructive knowledge of, the wrongs being committed by the Defendant officers at the Medina County Jail. The acts being committed by these officers were not just reasonably foreseeable, they were inevitable given the laissez-faire attitude of employees toward official policies.

83. Defendants, the Medina County Sheriff's Department, Sheriff Neil Hassinger, Officers Hastings, Smith, Skoczen, Detrich, Jarvis, First Sergeant Colonius, Lieutenant Baker and Officers John/Jane Doe #1 through #3, had the power to prevent, or aid in preventing, the commission of said deprivations to Plaintiff, and said Defendants could have done so by the exercise of reasonable and relevant diligence, but said Defendants, acting under color of law, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to

act or refused to do so.  This failure to act can be said to amount to an official policy or custom of inaction.

84.  The aforesaid acts and/or omissions of the Medina County Sheriff's Department, by and through Sheriff Neil Hassinger, Officers Hastings, Smith, Skoczen, Detrich, Jarvis, First Sergeant Colonius, Lieutenant Baker, and Officers John/Jane Doe #1 through #3, was the moving force in the Plaintiff being sexually abused and assaulted; subjected to unnecessary, unreasonable, oppressive, and unlawful use of coercion and force, as well as unnecessary and wanton infliction of severe emotional pain and suffering.

## COUNT FIVE
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

85.  The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 84 as if fully rewritten herein.

86.  Plaintiff claims damages for the injuries set forth above against the individually named Defendants herein for their violations of Plaintiff's Constitutional rights, under color of law, for which Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT SIX
## NEGLIGENT CONDUCT

87.  The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 86 as if fully rewritten herein.

88.  The foregoing constitutes negligent conduct for which all Defendants are liable to Plaintiff in that each defendant individually and collectively failed to adhere to the standard of care that a reasonable person in their position would normally be expected to exercise and that as a result of their individual and collective negligence the injuries and indignities suffered by Plaintiff proximately occurred.

89. As a direct and proximate result of said negligent conduct, Plaintiff suffered the injuries and damages previously alleged and Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT SEVEN
## WANTON AND RECKLESS CONDUCT

90. The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 89 as if fully rewritten herein.

91. The foregoing constitutes wanton and reckless conduct for which all Defendants are liable to Plaintiff in that each defendant individually and collectively was careless, heedless, indifferent and/or malicious and or willful in their failure to perform their duties and responsibilities toward Plaintiff thereby individually and collectively causing the injuries and indignities suffered by Plaintiff.

92. As a direct and proximate result of said wanton and reckless conduct, Plaintiff suffered the injuries and damages previously alleged and Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT EIGHT
## DERELICTION OF DUTY

93. The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 92 as if fully rewritten herein.

94. Defendants' acts and/or omissions as outlined herein constitute dereliction of duty as defined by R.C. Section 2921.44.

95. Further, Defendants' violation of R.C. Section 2921.44 subjects them to civil liability to Plaintiff for which Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT NINE
## INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS

96. The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 95 as if fully rewritten herein.

97. The assault and battery by a law enforcement officer, on duty, in uniform, inside the Medina County Jail, contributed to the intentional infliction of extreme emotional distress. In addition, the failure of other Defendant officers to initiate or take corrective actions contributed further to the intentional infliction of extreme emotional distress.

98. As a direct and proximate result of said intentional infliction of extreme emotional distress, Plaintiff suffered the injuries and damages previously alleged and Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT TEN
## NEGLIGENT INFLICTION OF EXTREME EMOTIONAL DISTRESS

99. The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 99 as if fully rewritten herein.

100. The foregoing constitutes negligent infliction of extreme emotional distress.

101. As a direct and proximate result of said negligent infliction of extreme emotional distress, Plaintiff suffered the injuries and damages as previously claimed and Defendants are individually, jointly and severally liable to Plaintiff.

## COUNT ELEVEN
## NEGLIGENT HIRING

102.  The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 101 as if fully rewritten herein.

103. The foregoing constitutes negligent hiring in that, an employment relationship existed; Officer Hastings was incompetent; the Sheriff's Department had actual or constructive knowledge of Officer Hastings incompetence; Officer Hastings acts and/or omissions as referenced herein caused the Plaintiff's injuries; and the Sheriff's Department's negligence in hiring and retaining Hastings was the proximate cause of the injuries.

104.  As a direct and proximate result of said negligent hiring, Plaintiff suffered the injuries and damages as previously claimed and Defendants are individually, jointly and severally liable to Plaintiff.


## COUNT TWELVE
## CONSPIRACY

105.  The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 104 as if fully rewritten herein.

106. The foregoing constitutes conspiracy in that several employees of the Medina County Sheriff's Department acted together for the purpose of committing, through their joint efforts and omissions, the inappropriate, immoral, egregious, and/or criminal acts committed against the Plaintiff as alleged herein.

107. As a direct and proximate result of said conspiracy, Plaintiff suffered the injuries and damages as previously claimed for which the Defendants are individually, jointly and severally liable to Plaintiff.

**COUNT THIRTEEN
ADDITIONAL CLAIMS**

108. The Plaintiff re-alleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 107 as if fully rewritten herein.

109. Plaintiff hereby gives notice that she may present additional claims that become available during the discovery proceedings in this case, and hereby reserves the right to amend her Complaint and assert such claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

(1)  An award of compensatory damages in favor of Plaintiff and against each Defendant, in their official and individual capacities (except that Plaintiff sues the County only in its official capacity) individually, jointly and severally, in an amount in excess of One Million Dollars ($1,000,000.00) to be determined at trial for physical and extreme mental injuries, great pain and suffering, damages and losses;

(2) Punitive damages against each of these Defendants (except the County), individually, jointly and severally, the exact amount to be proved at trial;

(3)  Costs of this litigation;

28

(4) Attorney fees incurred by Plaintiff; and

(5) Such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury composed of the maximum number of jurors allowable by law.

Respectfully submitted,

Karen H. Brouse  # 007480
Attorney for Plaintiff
1013 Portage Trail, Suite 7
Cuyahoga Falls, Ohio 44221
Office Phone:  (330) 928-7878
Fax:  (330) 920-1832
khbrouse@sbcglobal.net

David V. Gedrock  #0016542
Attorney for Plaintiff
209 S. Broadway
Medina, Ohio 44256
Office Phone:  (330) 723-4947
Fax:  (330) 764-9739
DGedrock@aol.com