UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY L. DECOSTA, | ) | CASE NO.1:04CV1118 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MEDINA COUNTY, ET AL., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the Court's Order of May 16. 2006, that the parties brief the applicability of the exhaustion requirements of Prison Litigation Reform Act, 42 U.S.C. §1997 ("PLRA"). After careful consideration of the parties briefs, the Court finds that Plaintiff was not required to exhaust her administrative remedies under the PLRA prior to instituting her suit in federal court.

### The PLRA

42 U.S.C. §1997(e) states:

(a) Applicability of administrative remedies

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The PLRA defines "prisoners" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

"The plain language of the PLRA suggest that former prisoners do not fall within its scope as §1997e (a), (e) and (h) suggest speak of those prisoners "confined in a jail, prison or other correction facility" or "incarcerated or detained," a status to be determined at the time the suit is "brought." *Smith v. Franklin*, 227 F.Supp.2d 667, 675 (E.D. Ky. 2002).

The Court recognizes that neither the U.S. Supreme Court nor the Sixth Circuit have determined whether the exhaustion requirements of the PLRA apply to former prisoners. This Court also notes there is a split of authority on this issue. The Sixth Circuit in *Thomas v. Woolum*, 337 F.3d 720, 725 (6th Cir. 2003) *citing Page v. Torrey*, 201 F.3d 1136,1139 (9th Cir.1999), stated without reaching a conclusion on the issue, "... that exhaustion requirement applies only to those who are 'currently detained,' not former prisoners, and noting agreement of the Second, Seventh, and Eighth Circuits," whereas *Morgan v. Maricopa County*, 259 F.Supp.2d 985 (D. Ariz. 2003), *Mason v. County of San Mateo*, 2005 WL 3967924 (N.D. Cal. Jan. 26, 2005), *Reyes v. State of Oregon*, 2005 WL 1459662 (D. Or. June 21, 2005), found that former prisoners were required to comply with the PLRA's exhaustion requirements.

This Court recognizes there are Equal Protection concerns in excluding former prisoners from the requirements of exhausting the administrative grievance process at the

place of incarceration while requiring those currently incarcerated comply with the PLRA's requirements. The Court is aware such a policy favors prisoner delays in filing suit until they are released in order to avoid the PLRA's exhaustion requirements. However, this Court will not construe or expand the application of a statute beyond its plain language and in the absence of evidence of congressional intent to the contrary.

Therefore, the Court finds that Plaintiff, as a former prisoner, was not required to exhaust her administrative appeals prior to filing suit under §1983.

IT IS SO ORDERED.

_5/22/06_
Date

_Christopher A. Boyko_
CHRISTOPHER A. BOYKO
United States District Judge