UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY DECOSTA, | ) | CASE NO.1:04CV1118 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| MEDINA COUNTY, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant Kathy Hasting's Motion for Summary Judgment. For the following reasons, the Court grants in part and denies in part Defendant's Motion for Summary Judgment.

## FACTS

Plaintiff Tammy DeCosta filed this suit in United States District Court for violations of her federal constitutional and state law rights in connection with her alleged sexual abuse by a guard at the Medina County Jail while incarcerated. Plaintiff was a pretrial detainee at the Medina County Jail from approximately April 14, 2003 to June 30, 2003. During the course of her incarceration, Plaintiff alleges she was subjected to unwanted sexual advances and sexual abuse, including rape, by Defendant Officer Hastings. Plaintiff alleges other officers knew of and conspired to facilitate the inappropriate sexual conduct of Officer Hastings by allowing her

1

into Plaintiff's housing unit when Officer Hastings was not assigned to that particular pod, observing Officer Hastings behavior and not reporting it and refusing to report Officer Hastings after being expressly told of her advances by Plaintiff. Plaintiff alleges Officer's Skoczen and Smith told her, "she might as well just accept it." When she asked for help from Officer Dietrich she was told, 'it wouldn't do any good. No one will listen or do anything about it." Allegedly, even the jail chaplain, Officer Jarvis, failed to take any corrective action. Plaintiff alleges First Sergeant Colonius knew or should have known of Officer Hastings inappropriate conduct toward Plaintiff, yet "he negligently, and with utter disregard and deliberate indifference, failed to perform his job to the detriment of Tammy DeCosta."

Plaintiff alleges Officer Hastings had previously engaged in inappropriate sexual acts with another inmate and therefore, the Medina County Sheriff's Department was negligent in its supervision of Hastings. After an investigation, Officer Hastings was fired from her position due in part to the determination that she engaged in inappropriate conduct with Plaintiff.

Plaintiff's Complaint presents several problems on its face. It alleges claims against all defendants when some counts clearly do not apply to all defendants. It blurs the claims brought under 42 U.S.C. §1983 and fails to identify what specific constitutional rights under the Fourth, Eighth or Fourteenth Amendment have been violated. The Complaint does allege the following claims: Assault (Count I), Battery (Count II), violation of Plaintiff's Fourth, Eighth and Fourteenth Amendment rights and state law violations including assault and battery, sexual assault, gross sexual imposition, rape, stalking, conspiracy and failure to supervise, train, monitor, observe, control and hire/retain employees under 42 U.S.C. §1983 (Count III), Defendants, acting under color of state law intentionally or with deliberate indifference and

callous disregard of Plaintiff's Fourth, Eighth and Fourteenth Amendment rights pursuant to official policy and custom, permitted, approved ratified a pattern and practice of failing to train, supervise control investigate or discipline its officers and employees (Count IV), Plaintiff claims damages under 42 U.S.C. §1983 (Count V), Negligent Conduct (Count VI), Wanton and Reckless Conduct (Count VII), Dereliction of Duty under O.R.C. 2921.44 (Count VIII), Intentional Infliction of Emotional Distress (Count IX), Negligent Infliction of Emotional Distress (Count X), Negligent Hiring (Count XI), Conspiracy (Count XII) and Notice of additional claims that may come up (Count XIII). Each of the individually named Defendants are being sued in their official and individual capacities.

## STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

3

nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### Defendant Hasting's Arguments

Defendant Hastings contends Plaintiff's Complaint fails to state a federal cause of action because Count Three fails to allege a violation by itemization. Also, pursuant to Federal Civil Rule of Procedure 10, each numbered paragraph is to be numbered according to a single set of circumstances. Plaintiff's Complaint at Count III alleges numerous acts that resulted in constitutional violations. Defendant alleges such deficiencies result in a failure to state a claim and therefore, Plaintiff's federal claim in Count III should be dismissed.

Defendant also contends the alleged actions do not rise to the level of a constitutional violation. Citing *Jackson v. Madery*, 2005 App;. Lexis 24684 (6th Cir. Nov. 17, 2005), Defendant believes isolated incidences of sexual misconduct, as described in Plaintiff's

Complaint, do not constitute a violation of a prisoner's constitutional rights as they do not rise to the level of cruel and unusual punishment. Counts IV and V involve claims against the municipal actor and/or reiterate the individual liability of Defendants and are not applicable to Defendant Hastings.

Defendant Hastings argues she is also entitled to qualified immunity on Plaintiff's federal claims as Defendant's actions did not violate any clearly established constitutional right. Therefore, the Court should dismiss Plaintiff's federal claims and decline jurisdiction over her pendent state claims. If the Court does not dismiss the pendent state claims, Defendant argues they were filed outside the applicable statute of limitations. For causes of action premised on acts of sexual abuse the applicable statute of limitations period is one year for assault and battery. O.R.C. 2305.11. Plaintiff cannot state with specificity the actual date of the alleged incidents of sexual misconduct. She was incarcerated from April to June of 2003. The Complaint was filed June 14, 2004. Therefore, if the acts occurred prior to June 14, 2003, the state assault and battery and any additional state claims should be dismissed. Finally, any claims alleging negligence should be dismissed as Defendant is immunized by O.R.C. 2744.03. Therefore, Counts VI, X and XI all allege negligence and should be dismissed pursuant to O.R.C. 2744.03. Counts VII and VIII allege claims that do not constitute causes of action upon which relief may be granted. Count VII alleges "wanton and reckless" conduct. Count VIII alleges violation of O.R.C. 2921.44, a criminal statute. Count IX alleges intentional infliction of emotional distress. Plaintiff offers no expert evidence or medical evidence of psychic or physical injury that would permit recovery. Count XII alleges conspiracy. Defendant alleges this claim does not state a cause of action upon which relief may be granted and does not have the requisite supporting

evidence. Finally, Count XIII should be dismissed as it makes a claim for unasserted claims and therefore, does not state a claim upon which relief may be granted.

## Plaintiff's Response

Plaintiff does not offer count by count rebuttals to Defendant's motion. Instead, Plaintiff argues that the actors are all state actors by nature of their employment and or municipality corporation status. Plaintiff then offers the testimony of Defendant officials in arguing deliberate indifference. In fact, Plaintiff's Brief in Opposition does not refute line by line or argument by argument Defendant Hastings' Motion. Rather, it deals with the other Defendants' Motion for Summary Judgment that argues qualified immunity and lack of constitutional violation for municipal actors and jail officials in supervisory roles. Plaintiff does not cite to any medical testimony or records to support her intentional infliction of emotional distress claims, does not offer case law or even argue against dismissal of the negligence claims or reckless and wanton or dereliction of duty claims (O.R.C. 2921.44) and does not argue the applicability of Counts IV and V to Hastings. Finally and most importantly, Plaintiff offers no case law that demonstrates rape by a prison guard constitutes a violation of a constitutional right.

## ANALYSIS

The Court denies Defendant's Motion to Dismiss Plaintiff's federal claims for failing to itemize and failing to comply with Fed. R. Civ. P. 10. Defendant cites no case law to support her contention that violation of Rule 10 warrants dismissal of Plaintiff's Complaint. It would have been more appropriately addressed in a Motion to Clarify or Motion for a More Definite Statement. Also, Defendant fails to provide any case law to justify dismissal for failing to itemize Counts in a Complaint. The Court finds that under the liberal notice pleading rules, a

6

complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted. Fed.R.Civ.P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, (2002). Claims made pursuant to 42 U.S.C. § 1983 are not subject to heightened pleading standards. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165-66 (1993). Plaintiff has sufficiently pled her claims against Defendant Hastings.

Defendant argues, even assuming the allegations are true, they do not rise to the level of a constitutional violation. In *Jackson v. Madery*, the Sixth Circuit, in an unreported opinion, held that a prison guards' rubbing and grabbing Plaintiff's buttocks in a degrading and humiliating manner during a shakedown" did not constitute a constitutional violation. It is important to note that neither Plaintiff nor Defendant discuss the relevant constitutional deprivation in relation to Plaintiff's status as a pretrial detainee. Plaintiff's Complaint alleges violations of her Fourth, Eighth and Fourteenth Amendment rights without specifying which right. Plaintiff's Complaint does not allege a specific Fourth Amendment violation (unlawful search or seizure). The Eighth Amendment's prohibition against cruel and unusual punishment is applicable only to those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Eighth Amendment's protections are conferred upon pretrial detainees through the Fourteenth Amendments Due Process clause and are analyzed under the Eighth Amendment. *Whitley v. Albers* 475 U.S. 312, 327 (1986), *Thompson v. County of Medina* 29 F.3d 238, 242 (6th Cir. 1994). Therefore, the Court finds Plaintiff cannot maintain a Fourth Amendment or Eighth Amendment violation and summary judgment for Defendant is granted. Also, the Court grants summary judgment for Defendant on Plaintiff's §1983 action at Count III, insofar as it argues state law claims. "To

survive summary judgment in a §1983 action, Plaintiff must demonstrate a genuine issue of material fact as to the following 'two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'" *Johnson v. Karnes,* 398 F.3d 868, 873 (6th Cir. 2005) quoting *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir.1995).

More importantly, Plaintiff offers no case law to support her proposition that rape by a prison guard constitutes a constitutional violation by the guard committing the act. However, in *Jackson,* the Sixth Circuit, cited the Second Circuit case of *Boddie v. Schneider,* 105 F.3d 857, 860-61, (2nd Cir. 1997), which held "severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation." In *Pelfrey v. Chambers,* 43 F.3d 1034 (1995), the Sixth Circuit found that unprovoked assaults by prison guards, even if unauthorized, state a claim under 42 U.S.C. §1983. The Court held isolated and unauthorized acts may violate the Eighth Amendment's prohibition against cruel and unusual punishment. There is a conflict on this issue among the circuits and Judge Batchelder dissented in the *Pelfrey* decision on the issue of whether unauthorized attacks by prison guards constitute "punishment" prohibited by the Eighth Amendment. In *Pelfrey,* a prisoner sued prison guards for Eighth Amendment violations for cutting his hair with a knife, against his will. Judge Batchelder cited to Fifth and Second Circuit cases holding that isolated and unauthorized assaults by prison guards do not constitute cruel and unusual punishment under the Eighth Amendment. Importantly, neither Plaintiff nor Defendant even discuss the "punishment" issue in their briefs. Defendant argues that *Jackson* held the actions do not rise to the level of cruel and unusual punishment. Plaintiff makes a cursory statement that it is clearly

8

established that sexual assault violates a prisoners constitutional rights and then cites no case law to support this proposition. In spite of this lack of support, this Court finds Plaintiff has stated a cognizable claim under 42 U.S.C. 1983 for violation of her Fourteenth Amendment rights. She alleges in affidavit that she was raped by Defendant Hastings and that Hastings sexual advances and inappropriate actions were not isolated but repeated. These facts clearly distinguish this case from *Jackson*. In *Mathie v. Fries*, 935 F.Supp.1284 (E.D. New York, 1996) the Court held that the sexual assault of a pretrial detainee by a county jail official violated the detainee's Fourteenth Amendment substantive due process rights as such acts "shock the conscience". "Unsolicited sexual touching, harrassment, and coercion are 'simply not part of penalty that criminal offenders pay for their offenses against society.'" *Id.* at 1300 quoting *Farmers v. Brennan*, 511 U.S. 825 (1994). The Court finds that the allegation of rape and repeated sexual abuse by guards in a county facility violates the pretrial detainee's Fourteenth Amendment rights. Therefore, as there is a genuine issue of fact regarding whether the alleged conduct occurred, Defendant's Motion for Summary Judgment is denied.

Defendant Hastings is not entitled to qualified immunity as Plaintiff has demonstrated a genuine issue of fact on whether a constitutional violation has occurred and the constitutional violation involved a clearly established right of which Defendant Hastings would have known and Defendant Hastings actions were objectively unreasonable in light of clearly established constitutional right. See *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003).

The Court grants Defendant Hastings motion for summary judgment on Count IV of Plaintiff's Complaint as it alleges conduct in violation of Plaintiff's constitutional rights on the part of the Medina County Sheriff's Department for their official policies and customs, deliberate

indifference and callous disregard of Plaintiff's constitutional rights. These claims do not implicate or apply to Defendant Hastings as she was not in a supervisory role.

The Court grants Defendant's Motion for Summary Judgment on Count V as it simply reavers the allegations of Counts III and IV against individual Defendants even though Count III expressly states "Defendants are individually, jointly and severally liable to Plaintiff."

Defendant's motion that Counts I and II (assault and battery) should be dismissed as outside the statute of limitations is denied as there is a genuine issue of fact as to when the assaults occurred.

Summary Judgment is granted for Defendant on Count VI (Negligent Conduct), Count X (Negligent Infliction of Emotional Distress) and Count XI (Negligent Hiring) as Plaintiff offers no evidence of negligence, but rather, argues intentional conduct on the part of Hastings. Plaintiff does not dispute these counts in her Brief in Opposition and cites to no evidence that Defendant Hastings negligent conduct was the proximate cause of Plaintiff's injury. The Court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).

Summary Judgment for Defendant is granted for Defendant on Count VII (Wanton and Reckless Conduct) as "wanton and reckless conduct is technically not a separate cause of action but a level of intent which negates certain defenses which might be available in an ordinary negligence action." *Cincinnati Ins. Co. v. Oancea,* 6th Dist. No. L-04-1050, 2004-Ohio-4272, at ¶ 17, citing *Prosser & Keeton on Torts,* (5 Ed.1984), 212-214.

Count VIII (dereliction of duty pursuant to O.R.C. 2921.44), is a criminal statute and does not constitute a separate civil cause of action in Ohio and therefore, summary judgment for

Defendant is granted.

Summary Judgment for Defendant is granted for Defendant on Count IX (Intentional Infliction of Emotional Distress) as Plaintiff ignores this issue in her Brief in Opposition and provides no proof (medical records, expert testimony, or testimony from other lay witnesses) to substantiate any serious psychological injury.

Summary Judgment for Defendant on Count XII, (Conspiracy) is granted as Plaintiff points to no evidence and fails to discuss her conspiracy claims in her Brief in Opposition.

Summary Judgment for Defendant is granted on Count XIII (Claim for as Yet Undetermined Additional Claims). This fails to state a cause of action.

Therefore, Summary Judgment for Defendant is granted on Counts III, in part (Fourth and Eighth Amendment violations and state law violations), Count IV (1983 action for municipal liability), Count V (1983 action against individuals), Count VI (Negligence), Count VII (Wanton and Reckless Conduct), Count VIII, ( Dereliction of Duty O.R.C. 2921.44), Count IX (Intentional Infliction of Emotional Distress), Count X (Negligent Infliction of Emotional Distress), Count XI (Negligent Hiring), Count XII (Conspiracy) and Count XIII (Unasserted claims). The remaining claims have presented a genuine issue of material fact. Finally, the Court denies Defendant's claimed entitlement to qualified immunity.

IT IS SO ORDERED.

5/22/06
Date

CHRISTOPHER A. BOYKO
United States District Judge
Original Signature on file